**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0855n.06**
**Filed: October 18, 2005**

**No. 04-6082**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| J. S. HAREN COMPANY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| THE MACON WATER AUTHORITY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

_____

BEFORE: MOORE, GIBBONS, and GRIFFIN, Circuit Judges.

PER CURIAM.

J.S. Haren ("Haren") appeals the dismissal of its bankruptcy adversary proceeding complaint against Macon Water Authority ("MWA") by the district court. In its order and opinion, the lower court held that it lacked subject matter jurisdiction over the proceeding based on the Eleventh Amendment immunity afforded to MWA. Haren contends that MWA may not raise the defense of sovereign immunity because MWA is not a state entity, and, alternatively, the defense was waived by MWA's own charter, and Congress has effectively abrogated the defense of sovereign immunity in all bankruptcy proceedings. Haren also appeals the denial of its Fed. R. Civ. P. Rule 59(e) motion to alter or amend the judgment, contending that the district court should have granted an evidentiary hearing and limited discovery. MWA requests that the judgment be affirmed on the basis that the

district court properly dismissed Haren's complaint for the grounds stated. For the reasons that follow, we vacate the judgment of the district court and remand for further proceedings.

Eleventh Amendment immunity applies only against state governments and entities that can be considered "arms of the state," *Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003). In its memorandum opinion, the district court held that, because plaintiff has the burden of establishing subject-matter jurisdiction, plaintiff J.S. Haren Co. bore the burden of proving that defendant was *not* entitled to immunity under the Eleventh Amendment:

> While the state law characterization of an entity is just one of several factors to consider in determining whether a particular entity is an arm of the state for Eleventh Amendment purposes, the parties have not raised any issues with respect to the other factors. Since J.S. Haren bears the burden of demonstrating the Court has jurisdiction over the subject matter of the present action, *Ohio Nat'l*, 922 F.2d at 324, *the Court must assume the other factors also weigh in favor of MWA's position it is an arm of the state.* Accordingly, the Court concludes MWA is an arm of the State of Georgia entitled to assert immunity under the Eleventh Amendment. (Emphasis added.)

In the recent decision, *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958 (6th Cir. 2002), our Court addressed the issue, previously unresolved by this circuit, of which party bears the burden of proof on Eleventh Amendment immunity. In resolving the question, we held "that the entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity, *i.e.*, that it is an arm of the state." *Gragg*, 289 F.3d at 964. In light of *Gragg*, the district court committed an error of law regarding which party bore the burden of production and persuasion on the issue of the Eleventh Amendment immunity. Further, in view of the sparse lower court record, we cannot conclude that the error was harmless.

Also, plaintiff argues that the present record is inadequate to determine whether defendant is an "arm of the state" under the factors set forth in *Brotherton v. Cleveland*, 173 F.3d 552, 566-67 (6th Cir. 1999). We agree and, on remand, instruct the district court, in its discretion, to permit the parties to proceed with discovery on this issue, along with the issues of alleged waiver of sovereign immunity, and abrogation of sovereign immunity.

The judgment of the district court is vacated and the matter remanded for further proceedings consistent with this opinion.